**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

WILLIAM PECARINA and KENNETH PECARINA, minors, by their parents and next friends, Alan Pecarina and Jennifer Pecarina; and ALAN PECARINA and JENNIFER PECARINA individually,

Plaintiffs,

v.

TOKAI CORPORATION, a Japanese company; SCRIPTO-TOKAI CORPORATION, a Delaware corporation; JMP MEXICO, also known as JMP MEXICO, S.A. de C.V., also known as TOKAI de MEXICO, S.A.; and WAL-MART STORES, INC., a Delaware corporation,

Defendants.

Court File No.: 01-1655 ADM/AJB

**ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS**

The above-referenced matter came on for hearing before the undersigned Magistrate Judge on February 19, 2002 on defendants' motion for Protective Order regarding the confidentiality of documents to be produced by defendants in discovery. Based upon all of the files, records, and proceedings herein, including the memoranda of law and affidavits submitted by counsel and oral argument,

**IT IS HEREBY ORDERED** that:

In order to preserve and maintain the confidentiality of certain documents to be produced by or otherwise made available by defendants in the above-captioned action which contain proprietary and/or trade secret information, the parties shall be bound by the following:

FILED FEB 28 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1. Documents to be produced or otherwise made available by defendants during discovery in this litigation, may contain trade secrets or other confidential research, development, and commercial information of defendants or affiliated companies. These documents are hereafter referred to as "Protected Document(s)." Except as otherwise indicated below, all documents that have been designated as "Confidential" that are produced by defendants to plaintiffs, their attorneys, consultants, agents, or experts in this action shall be Protected Documents and be given confidential treatment as described below.

2. Protected Documents shall not include: (a) advertising materials; (b) materials that have been published to the general public; and (c) documents that have been submitted to the U.S. Consumer Product Safety Commission without a request for confidential treatment.

3. Documents produced or made available by defendants in response to plaintiffs' discovery requests shall be copied at plaintiffs' expense and forwarded to plaintiffs' counsel, William H. Manning, Robins, Kaplan, Miller & Ciresi, L.L.P., 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, Minnesota 55402. Prior to or simultaneous with delivery of the copies to plaintiffs' counsel, defendants will designate which of the documents are considered confidential and Protected Documents. Such designation shall be made by means of a stamp or other marking on the documents themselves. However, such stamp or marking shall be applied in such a manner as not to obscure any portion of the document itself and otherwise preserve the legibility of the document in its entirety.

4. If plaintiffs contend that any document has been erroneously designated "Confidential," it shall nevertheless treat the document as a Protected Document unless and until it either: (a) obtains

the producing defendant's written permission to do otherwise; or (b) obtain an order of this Court finding that the document is not a Protected Document.

5. Protected Documents and the material contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than as required for the preparation and trial of this action. Except as provided for in the paragraphs below, plaintiffs shall keep all Protected Documents and the material contained therein confidential from all persons.

6. Except with the prior written consent of the producing defendant, or upon further order of this Court, plaintiffs, or their representatives, shall show Protected Documents, and shall disclose the contents thereof, only to the following persons (hereinafter referred to as "Qualified Persons") provided that no such disclosure shall be made to any employee of any competitor of any defendant, except upon further order of this Court:

a. Alan Pecarina and Jennifer Pecarina;

b. Counsel retained by or on behalf of a party (including the regularly employed secretarial, office, and legal assistant staffs of such counsel).

c. Any expert or consultant retained by counsel described in paragraph (b) to assist in the prosecution of the claims in this litigation, provided that no such disclosure shall be made to any consultant or expert retained by plaintiffs' counsel who is an employee of or consultant to any competitor of defendants or a subsidiary of any such competitor, except upon further order of this Court.

d. Witnesses at any deposition or trial in this matter;

e. Any other person the parties agree to in advance and in writing prior to the proposed disclosure;

f. The Court and its staff and independent court reporters employed by counsel in this action;

g. Non-parties specifically and solely retained to assist counsel in copying documents on a confidential basis.

7. Before providing access to any Protected Document, each Qualified Person to whom plaintiffs or their representatives intend to deliver, exhibit, or disclose any Protected Documents or material contained therein shall be advised of the terms of this order, shall be given a copy of this order, and shall agree in writing, in the form attached hereto as Exhibit "A," to be bound by its terms. Counsel for plaintiff shall maintain a list of all Qualified Persons to whom any Protected Documents or material contained therein is provided, and that list shall be available for inspection by the Court, but shall not be available for inspection by defendants except upon Court order.

8. Plaintiffs' counsel shall keep records of all copies of each Protected Document distributed, in whole or in part, to Qualified Persons. Any copy so distributed shall be returned to counsel for plaintiffs after the completion of the Qualified Person's consultation or representation in this case.

9. To the extent that any Protected Document or information obtained therefrom is used in the taking of depositions, such documents or information shall remain subject to the provisions of this order, along with the transcript pages of the deposition testimony dealing with the Protected Documents or information. At the time any Protected Document is used in any deposition, the reporter will be informed of this Order and will be required to operate in a manner consistent with this Order, and the reporter shall separately label the confidential portions of the deposition transcript.

10. All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or

other appropriate sealed container on which shall be endorsed the title of the action, an indication of the nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope is sealed and contains confidential information produced in this case by defendant defendants and is not to be opened or the contents thereof displayed or revealed except by order of the Court or pursuant to written stipulation of the parties to this action. This envelope or container shall not be opened without order of the Court, except by officers of this Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

11. Promptly after the conclusion of this action (including the final disposition of any appeals), all Protected Documents, all copies thereof, and all excerpts therefrom shall be returned to counsel for defendants. Plaintiffs, their counsel, experts, any other representatives, or any person retained by plaintiffs to assist in the preparation of this action shall not under any circumstances sell or offer for sale Protected Documents.

12. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control.

Dated: 2/28, 2002.

The Honorable Arthur J. Boylan
United States Magistrate Judge

**EXHIBIT "A"**

Written Assurance

________________________________________, being duly sworn, states:

That I am fully familiar with and agree to comply with and be bound by the provisions of the Order Regarding confidentiality of Documents ("Protective Order") entered in the litigation entitled William Pecarina and Kenneth Pecarina, minors, by their parents and next friends; Alan Pecarina and Jennifer Pecarina; and Alan Pecarina and Jennifer Pecarina, individually, vs. The Tokai Corporation, a Japanese company; Scripto-Tokai Corporation, a Delaware corporation; JMP Mexico, also known as Tokai de Mexico, also known as JMP Mexico, S.A. de C.V.; and WAL-MART STORES, INC., a Delaware corporation, United States District Court, District of Minnesota Case No. 01-1655.

That I will comply with the Protective Order and not divulge to persons other than a Qualified Person as defined in paragraph 8 of the Protective Order, and will not copy or use except solely for the purposes described in the Protective Order, any information designated as "Confidential."

Dated:______________________ ________________________________________

Name:

Subscribed and sworn to before me
this _____ day of February, 2002.

________________________________

Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

### *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

### ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.